875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hufford W. RIFE, Plaintiff-Appellant,
v.
UNITED MINE WORKERS OF AMERICA HEALTH AND RETIREMENT FUNDS,
Defendant-Appellee.
 No. 88-2871.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1989.
Decided May 2, 1989.
Rehearing and Rehearing In Banc Denied May 24, 1989.
 
 Hufford W. Rife, appellant pro se.
 Andree Marie St. Martin, Charles G. Starrs, UMWA Health & Retirement Funds, for appellee.
 Before K.K. HALL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Hufford W. Rife, a former coal miner, brought this action pursuant to 29 U.S.C. Sec. 1132(a)(1)(B) challenging the decision of the UMWA Health and Retirement Fund Trustees denying him pension benefits under the UMWA 1950 Pension Plan. The district court granted summary judgment in favor of the trustees, and we affirm.[1]
 
 
 2
 Under the pension plan, Rife was eligible for benefits only if he had accumulated 20 years' credited service, including 10 years' service with a signatory to the UMWA contract. Service is measured according to the number of hours worked each year. When the actual hours of work are unavailable, hours are determined according to how much the miner was paid.
 
 
 3
 Rife's social security records indicate that he worked in the mining industry for, at most, 58 quarters between 1946 and 1969, the relevant time frame.[2] Rife submitted pay stubs that verified that he worked during seven additional quarters for which no employment was reported to the social security administration. Rife served in the military service for two years, and those eight quarters are added to his credited service. Rife submitted affidavits from co-workers and relatives who stated that Rife worked for various mining companies during particular years in the relevant time frame. However, none of Rife's witnesses could remember which months Rife had worked for particular companies, and no documentation was available for this work. Rife has therefore established, at most, 73 quarters of service for which he could potentially receive credit. Rife would need 80 quarters of credited service to be eligible for pension benefits. Because he has not been able to establish that amount of service in the mines, we must affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 The standard of review used by the district court was the substantial evidence/clearly erroneous judgment test enunciated by this court in Lefebre v. Westinghouse Electric Corp., 747 F.2d 197, 204 (4th Cir.1984). However, the Supreme Court recently held that a 29 U.S.C. Sec. 1132(a)(1)(B) action challenging a denial of benefits should be given de novo review. Firestone Tire and Rubber v. Bruch, 57 U.S.L.W. 4194 (U.S. Feb. 21, 1989) (No. 87-1054). We conclude that even if it had used the de novo review articulated in Firestone, the district court would have correctly concluded that Rife was not eligible for pension benefits under the UMWA 1950 Pension Plan
 
 
 [2]
 Rife would probably not be entitled to credited service for many of the quarters in which he had earnings. For example, in 13 quarters, Rife earned less than $100; in eight of these quarters he earned less than $50. It is likely that he worked less than 250 hours during these quarters and would therefore not be entitled to credit